CIKLIN, C.J.
Lucas Games, Inc. and Luc Marcoux, defendants below (“tenants”), appeal an order granting partial final summary judgment in favor of Morris AR Associates, LLC (“the landlord”) in a lease dispute. We find merit in one of the two issues raised by the tenants, namely that the trial court erred in granting summary judgment against the tenants because the landlord failed to rebut the tenants’ affirmative defense of illegality of contract. Accordingly, we reverse.
In February 2013, Lucas Games entered into a lease with the landlord. The lease *1184 provided that “Tenant’s Business” was to be “[o]nly for the operation of an entertainment arcade for persons over the age of 18 years old and for no other use or purpose;” i.e., an adult arcade, and was to operate only under the- name “Vegas Fun.” It further provided, “Tenant ... shall not allow any coin-operated amusement devices[.]”
According to the tenants, Vegas Fun employed a network of computers on which customers could play slot machine style games and win prizes such as gift cards. The computerized slot machines were legal until April 10, 2013, when section 849.16, Florida Statutes (2013), was amended to proscribe these types of games outside of designated casinos.[1] A safe harbor exception to this amendment existed for arcade amusement centers that utilized “coin-operated amusement games or machines ... for the entertainment of the general public and tourists as a bona fide amusement facility.” § 849.161, Fla. Stat. (2013).[2]
Following the amendment to section 849.16, Vegas Fun closed its doors and vacated the premises. The landlord sued the tenants for eviction, breach of lease, and breach of personal guaranty, and moved for summary judgment. The tenants responded that their performance under the lease should be excused, since the amendment to section 849.16 prevented them from operating legally. The trial court disagreed with the tenants’ legal argument and granted summary judgment in favor of the landlord.
On appeal, the tenants argue that the trial court erred in entering summary judgment in favor of the landlord because the 2013 amendment to the law rendered the lease illegal. The landlord contends that summary judgment was properly granted because the lease could still have been legally performed by substituting the tenants’ casino-style games with legal ones such as skee-ball. We review orders granting summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
“A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our courts.” Harris v. Gonzalez, 789 So.2d 406, 409 (Fla. 4th DCA 2001).
[I]t seems to be well settled that where a lease restricts and limits the use of premises let to a particular specified purpose, and thereafter, because of the enactment of a valid statute, such use becomes unlawful, the subject-matter of the contract is destroyed, and the covenants of such lease will not be enforced against either party thereto.
*1185 Christopher v. Charles Blum Co., 78 Fla. 240, 82 So. 765, 767 (1919) (citations omitted).
The parties do not dispute that the amendment to section 849.16 rendered the types of games operated by the tenants at Vegas Fun illegal. Although the tenants could have retrofittéd or changed the games at Vegas Fun to comply with sec: tion 849.161 by converting the game machines to coin-operated machines, the subject lease directly prohibited the use of coin-operated games.
The restrictiveness of the lease — a determining factor'in Christopher — prevented the defendants from both operating legally and complying with the lease. Consequently, -the trial court erred in entering summary judgment and we reverse and 'remand for further proceedings.

Reversed and remanded.

WARNER and GERBER, JJ., concur.

. In pertinent part, the statute defines the outlawed games as follows:
(1) As used in this chapter, the term "slot machine or device” means any machine or device or system or network of devices that is adapted for use in such a way that, upon activation, which may be achieved by, but is not limited to, the insertion of any piece of money, coin, account number, code, or other object or information, such device or system is directly or indirectly caused to operate or may be operated and if the user, whether by application of skill or by reason of any element of chance or any other outcome unpredictable by the user, may:
(a) Receive or become entitled to receive any ... credit, allowance, or thing of value, or any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any ... thing of value or which may be given in trade[.]
§ 849.16, Fla. Stat.

. Following the entry of summary judgment, section 849.161 was repealed and replaced by section 546.10, Florida Statutes (2015), the "Family Amusement Games Act,” effective July 1, 2015. § 546.10, Fla. Stat. (2015).